# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CORY D. KELLY**
**United States Army, Appellant**

ARMY 20120990

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell (pretrial)
Headquarters, Fort Campbell (action)
Steven E. Walburn, Military Judge
Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant: Captain A. Jason Nef, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

26 August 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general order, one specification of wrongfully and knowingly possessing child pornography, and four specifications of communicating indecent language to a child under sixteen years, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which warrants discussion and relief.[*] We

---

[*] The matters personally submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) are without merit.

conclude the military judge failed to elicit an adequate factual basis as to whether appellant's misconduct charged under Article 134, UCMJ was prejudicial to good order and discipline. Although not raised by the parties, we also consolidate two specifications of communicating indecent language to a child under sixteen years.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with wrongfully and knowingly possessing child pornography and communicating indecent language to a child under sixteen years, "which conduct was prejudicial to good order and discipline and of a nature to bring discredit upon the [a]rmed [f]orces," a violation of Clauses 1 and 2 of Article 134, UCMJ. *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶¶ 60.c.(2), (3). As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id.* More specifically to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id.* Thus, if a specification alleges both Clause 1 and 2, then there must be a substantial basis in fact in the record to support a finding of guilty as to both.

Given the facts of this case, there is no question that appellant wrongfully and knowingly possessed child pornography and on multiple occasions communicated indecent language to a child under sixteen years. Moreover, the plea inquiry established facts demonstrating that appellant's conduct was service-discrediting. The plea inquiry, however, failed to elicit an adequate factual basis regarding the prejudicial effect of appellant's misconduct on good order and discipline in the armed forces. Here, the military judge properly defined and explained the term "prejudice to good order and discipline," as, *inter alia*, "those acts in which the prejudice is reasonably direct and palpable . . ." *See also MCM*, Part IV, ¶ 60.c.(2)(a).

While appellant acknowledged that his conduct violated Clause 1, his factual explanation as to why his conduct violated Clause 1 is insufficient. For both offenses, he stated that his conduct violated Clause 1 *if* the public or other soldiers

2

knew about his misconduct. He never stated that the public and other soldiers were aware of his conduct. Put another way, he explained why his conduct would tend to bring discredit upon the armed forces, but not why his conduct had a reasonably direct and palpable effect upon good order and discipline. As a result, we find a substantial basis in law and fact to question the providence of appellant's plea to committing conduct prejudicial to good order and discipline in violation of Clause 1 of Article 134, UCMJ.

We also note two of appellant's convictions for communicating indecent language to a child under sixteen years, Specifications 4 and 5 of Charge II, respectively, occurred on 14 May 2011. Nothing in the record indicates that these offenses occurred separately or were otherwise distinct criminal transactions. Accordingly, we find that these specifications unreasonably exaggerate appellant's criminality. *See United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). We consolidate the specifications as a remedy.

## CONCLUSION

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of Specification 1 of Charge II as follows:

> In that [appellant], U.S. Army, did, at or near Forward Operating Base Tarin Kowt, Afghanistan, on or about 29 June 2011, wrongfully and knowingly possess approximately 10 images of child pornography, which conduct was of a nature to bring discredit upon the Armed Forces.

The court only affirms so much of Specification 2 of Charge II as follows:

> In that [appellant], U.S. Army, did, at or near Fords, New Jersey, on or about 29 March 2011, in writing communicate to [LJ], a child under the age of 16 years, certain indecent language, to wit: "I'd cum on ur chest then on ur face", or words to that effect, which conduct was of a nature to bring discredit upon the Armed Forces.

The court only affirms so much of Specification 3 of Charge II as follows:

> In that [appellant], U.S. Army, did, at or near Forward Operating Base Tarin Kowt, Afghanistan, on or about 25 February 2011, in writing communicate to [LJ], a child under the age of 16 years, certain indecent language, to

3

wit: "yea I'll spank u and fuck u in the ass", or words to that effect, which conduct was of a nature to bring discredit upon the Armed Forces.

Specifications 4 and 5 of Charge II are consolidated into Specification 4 of Charge II as follows:

In that [appellant], U.S. Army, did, at or near Forward Operating Base Tarin Kowt, Afghanistan, on or about 14 May 2011, in writing communicate to [LJ], a child under the age of 16 years, certain indecent language, to wit: "so I can pull it out and handcuff ur hands behind ur back and make u cry for my dick" and "then pound ur pussy and right before i cum ill shoot it in ur mouth", or words to that effect, which conduct was of a nature to bring discredit upon the Armed Forces.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court